IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTH CAROLINA ELECTRIC & GAS COMPANY and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-0101C |
| v. | ) | |
| | ) | Judge Charles F. Lettow |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPORT REGARDING DISCOVERY PLANS AND OBJECTIVES**

Pursuant to the Court's April 12, 2004 order ("Order"), South Carolina Electric & Gas Company and South Carolina Public Service Authority (collectively "Plaintiffs") hereby submit this report regarding the Government's Motion For A Stay Or, In The Alternative, For Coordinated Discovery ("Stay Motion") and their discovery plans and objectives.

With respect to the Government's Stay Motion, Plaintiffs filed a response to the Government's Motion, a copy of which is attached as Exhibit A. As stated in their response, Plaintiffs oppose a general stay of this matter and believe that the Government should be required to answer their complaint, and that certain reciprocal disclosures called for by RCFC Rule 26(a) and document discovery outlined below should proceed during the remainder of this year while the *Yankee* and *ComEd* spent nuclear fuel ("SNF") cases are tried.[1] Plaintiffs believe that the individual judge assigned can supervise that discovery and that it should not be necessary to appoint a separate judge to coordinate it. With respect to deposition discovery from the Government, assuming the Government will stipulate to Plaintiffs' use of previous depositions of Department of Energy ("DOE") and former DOE employees and contractors taken

[1] Another SNF case, *Sacramento Municipal Utility District v. United States*, No. 98-488C, is set for trial in January 2005.

in other SNF cases as if they were taken in this case, Plaintiffs believe that the need for depositions in general can be reduced substantially and that those depositions, as well as the depositions of Plaintiffs' representatives, can be deferred until January 2005, after the trials in the *Yankee* and *ComEd* cases are completed.[2]

Having stated their overall position, plaintiffs respond as follows to the information sought in the Court's Order.

## I. Nature And Scope Of Anticipated Discovery Related To Government's Standard Motion Regarding the Rate Of Acceptance.

With respect to what the Order refers to as the "Government's standard dispositive motion on the rate of acceptance," Plaintiffs assume that the Court is referring to the "Motion for Partial Summary Judgment Regarding the Rate of Acceptance" that the Government filed in a number of the previously-filed SNF cases. Plaintiffs respectfully believe that this motion has no merit and note that all three judges who previously have ruled on that motion have denied it. Plaintiffs therefore respectfully submit that it is not appropriate or efficient to plan anticipated discovery in this matter based upon what is necessary to respond to the Government's motion -- if it chooses to file it in this case.

Nevertheless, specifically responding to the Order, assuming that the Government files the substantively identical partial summary judgment motion in this case that it filed in earlier

[2] In its decision in *Maine Yankee Atomic Power Co. et al. v. United States*, 225 F.3d 1336, 1337 (Fed. Cir. 2000), the Federal Circuit held that the Government breached the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste when it failed to begin accepting SNF in January 1998, as required by the Standard Contract, and the Court specifically observed that "[t]he breach involved all the utilities that had signed the contract—the entire nuclear industry." 225 F.2d at 1342. Accordingly, Plaintiffs believe that there can be no reasonable dispute that the Government breached the Standard Contract in this case. As of the date of this filing, the Government's liability for breach of contract has been found in eight cases involving the Standard Contract: *Northern States Power Co. v. United States*, No. 98-484C (Wiese, S.J.); *Florida Power & Light Co. v. United States*, No. 98-483C (Sypolt, J.); *Commonwealth Edison Co. v. United States*, No. 98-621C (Hewitt, J.); *Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Merow, S.J.); *Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C (Merow, S.J.); *Maine Yankee Atomic Power Co. v. United States*, No. 98-474C (Merow, S.J.); *Indiana Michigan Power Co. v. United States*, No. 98-486C (Hodges, J.); and *Southern Nuclear Operating Co. v. United States*, No. 98-614C (Merow, S.J.).

cases and provided that, as stated above, the Government will stipulate to Plaintiffs' use of previous depositions of DOE and former DOE employees and contractors taken in other SNF cases as if they were taken in this case, Plaintiffs generally do not anticipate the need for additional depositions to respond to the Government's motion. However, to the extent that the Government has produced or will produce additional documents that were not available at the time that the previous depositions were taken in those cases relevant to the motion, Plaintiffs respectfully submit that they should have at least the right to take additional depositions based upon those documents.

**II. Any Circumstances That May Affect The Timing Of Discovery Or Trial.**

Plaintiffs recognize that the trials that are scheduled to proceed this year may raise some issues that could also arise in this case, such as the overall rate of acceptance under the Contract signed by Plaintiffs, and that the testimony and evidence elicited on those issues, in addition to the prior discovery in the SNF cases, may be useful to both sides. Nevertheless, as stated in Plaintiffs' response to the Stay Motion, each utility has a unique damages case – dictated by its individual SNF storage capabilities and situation and the nature and amount of damages sought. Consequently, there are innumerable and important individualized factual determinations which have to be made to evaluate Plaintiffs' damages in this case. Accordingly, Plaintiffs believe that it would be appropriate for the parties to participate in the reciprocal disclosures called for by RCFC Rule 26(a) and document production through the balance of this year while deferring depositions until January 2005, presumably after the trials in the *ComEd* and *Yankee* cases are concluded. Permitting mandatory disclosures and document production to go forward will permit the Government to obtain discovery regarding the facts relevant to Plaintiffs' individual SNF storage situation and any damages Plaintiffs have incurred. At the same time, deferring

depositions will permit the parties to better evaluate their needs for additional depositions once the trials in the *Yankee* and *ComEd* matters have been concluded. At that point the parties will have a good opportunity to consider the issues addressed and testimony elicited in those cases and determine what additional discovery is necessary.

## III. Whether Discovery Previously Provided In The Old SNF Cases Will Suffice In This Case If The Government Consents To The Full Use Of Discovery In This Case.

Assuming the Government consents to the full use of discovery taken in the other SNF cases in this case, Plaintiffs believe that the amount of offensive discovery they will need in this case will be reduced substantially and, with respect to certain issues, Plaintiffs most likely will not need any additional discovery. For example, Plaintiffs understand that the plaintiffs in other SNF cases already have deposed a number of persons regarding the DOE's initial expectations regarding the overall acceptance rate applicable under the Nuclear Waste Policy Act and the Standard Contract. Plaintiffs do not anticipate needing to redepose those individuals.

Plaintiffs' willingness to "live with" the offensive deposition discovery already taken on certain issues is subject to three exceptions. First, with respect to certain relevant issues in this case, such as the date on which the Government currently expects to perform, the rate at which it expects to perform, or the type of SNF containers the Government plans to use, there have been and continue to be certain ongoing developments in the Government's SNF repository program relevant to those issues. Plaintiffs anticipate that they will need to depose individuals regarding those ongoing efforts. Second, to the extent that the Government identifies, pursuant to RCFC Rule 26(a), individuals with knowledge who previously have not been deposed, or produces documents which were not produced earlier in the SNF cases, Plaintiffs likely will need to take additional depositions of those deponents or regarding those documents. Third, to the extent that documents not available during the prior depositions are produced by the Government, the

generation or production of those additional documents may necessitate additional limited depositions.

**IV. Additional Response To The Issues Raised In The Government's Motion To Stay Or Coordinate Discovery.**

In response to the additional issues raised in the Government's motion to stay, Plaintiffs incorporate by reference their Response To Defendant's Motion To Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate And Schedule Issues, filed on April 14, 2004.

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

COUNSEL FOR PLAINTIFFS

Of Counsel:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
Donald R. Cassling
Lisa M. Eddington
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas G. Eppink
SCANA Services, Inc.
Legal Dept. MC-130
Columbia, SC 29218
(803) 217-9448

Stephen R. Pelcher
Santee Cooper
Post Office Box 2946101
Moncks Corner, SC 29461-2901
(843) 761-4016

Dated: April 23, 2004

**Certificate of Filing**

I hereby certify that on this 23rd day of April 2004, a copy of the foregoing Plaintiffs' Report Regarding Discovery Plans And Objectives, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch
Norman M. Hirsch

1071687