IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTH CAROLINA ELECTRIC & GAS COMPANY and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-0101C |
| v. | ) | |
| | ) | Judge Charles F. Lettow |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR COORDINATED DISCOVERY REGARDING RATE AND SCHEDULE ISSUES**

In its motion (the "Motion"), the Government seeks to stay this case for an indeterminate amount of time without advancing any justification for this request. The Government has failed to meet the rigorous requirements for the entry of a stay under the principal case upon which the Government relies – *Landis v. North American Company*, 299 U.S. 248 (1936). As we demonstrate below, the Government's request for a stay should be denied for two reasons. *First*, the Government has failed to establish that it will suffer hardship or inequity if required to go forward. *Second*, the effect of a stay will be the unnecessary postponement of discovery that South Carolina Electric & Gas Company and South Carolina Public Service Authority (collectively "Plaintiffs") believe will have to occur regardless of the outcome of the three spent nuclear fuel ("SNF") cases referred to in the Motion currently set for trial and, therefore, the unnecessary postponement of the ultimate resolution of this matter.

In the event this Court does not grant a stay, the Government requests in the alternative a coordinated process for discovery in all of the newly-filed SNF cases. Plaintiffs do not object, in principle, to this request, provided that the coordinated discovery is conducted in an efficient

EXHIBIT

A

manner. However, as discussed below, assuming the Government will stipulate to Plaintiffs' use of previous depositions of Department of Energy ("DOE") and former DOE employees and contractors on the schedule and rate issues taken in other SNF cases as if they were taken in this case, Plaintiffs believe that the need for such depositions can be substantially reduced.[1]

On April 12, 2004, this Court entered an order setting a pre-discovery conference on April 30, 2004 before Judge Diane Sypolt to explore the extent of discovery needed in all of the newly-filed SNF cases. Plaintiffs will participate in this process and, as required by the order, will submit, on or before April 23, 2004, a report specifying their discovery plans and objectives.

**ARGUMENT**

To support its request for a stay, the Government relies primarily on the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). This case, however, contradicts the Government's position. In *Landis*, the Government sought to stay two pending cases challenging the constitutionality of a statute, so that the Government could focus on litigating the question in a "test case." *Id.* at 250-51. The district court entered an indefinite stay to last until final resolution of the constitutionality of the statute at issue, including appeals. *Id.* at 253. The Supreme Court reversed the stay.

While the Supreme Court held that a court has the power to issue a stay with respect to parties not bound by the first case, the Court explained that (*id.* at 255):

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to someone else. Only in rare circumstances

[1] Plaintiffs do not agree with many of the statements contained in the Government's Motion regarding the relationship of the various SNF cases. For purposes of this response, however, Plaintiffs do not believe it is necessary to discuss in detail the history of the various cases and the alleged relationship between the cases. Plaintiffs understand that these issues were addressed at length in the briefing on the Government's Second Motion To Renew Its Motion To Consolidate, which this Court denied on January 30, 2004.

will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

The Supreme Court held that any stay lasting beyond the district court's initial decision in the "test case" was beyond "the limits of a fair discretion." *Id.* at 256. The Supreme Court reversed the indefinite stay pending appeal and remanded the case to the district court with instructions to reexamine the fairness of a stay lasting only until resolution of the test case in the district court. *Id.* at 258-59; *see also Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416-18 (Fed. Cir. 1997) (reversing indefinite stay of cases because of Government's failure to demonstrate "pressing need" for stay – "Without a pressing need for the stay, this court refuses to impose such an onerous burden on a litigant's right to seek redress against the United States").

As we demonstrate below, the Government does not come close to satisfying its burden under *Landis*. The Government cannot (1) "make out a clear case of hardship or inequity in being required to go forward" or (2) dispute that Plaintiffs will suffer unnecessary harm by postponing discovery that will have to occur in this case regardless of the outcome of the three cases set for trial.

**The Government Has Failed To Establish Any Hardship Or Inequity In Proceeding With This Case**

In the first instance, the Motion is not clear as to what length of a stay the Government is requesting. Throughout the Motion, the Government inconsistently describes the length of stay it seeks. The Government states that it is seeking a stay "until completion of the trials" in the three cases currently set for trial (Motion at 1), until "resolution of the trials," (*id.*) and until "there has been a final ruling" in the three cases (Motion at 11). It is unclear, therefore, whether the Government is seeking a stay until a decision is reached at the trial level or whether the

Government is seeking a stay until resolution of all appeals relating to the trials, which could occur several years in the future.

Regardless of the length of stay the Government is requesting, the reasons advanced by the Government in support of a stay lack any merit and do not come close to satisfying the Government's burden under *Landis*. *First*, the Government's argument that a stay of this case would avoid the possibility of inconsistent rulings between this case and the three cases set for trial lacks merit. While purporting to argue that a stay is necessary to avoid inconsistent rulings, the Government also states that it "cannot stipulate to apply the rationale of the Court's existing decisions to the remaining SNF cases pending in this Court." (Motion at 10.) The Government cannot have it both ways. The Government cannot request that this case be stayed to avoid inconsistent rulings and, at the same time, insist that it will relitigate those same issues every time it receives a decision it does not like.

Furthermore, the Government's claim of a risk of inconsistent rulings is speculative at this point. Contrary to the Government's assertions, there have not been significant differences in rulings in the various SNF cases thus far. Each of the Judges of this Court who has ruled so far in the SNF cases has denied the Government's partial summary judgment motion with respect to Greater Than Class C ("GTCC") waste,[2] and each Judge who has ruled has rejected the Government's argument in its acceptance rate partial summary judgment motion that, as a matter of law, the rate at which the Government is obligated to accept SNF is 900 metric tons per year. The only disparity on that motion is that while two Judges concluded that a trial is necessary to

[2] In two of the cases, the Judges denied the Government's GTCC motion as not ripe. *Commonwealth Edison Co. v. United States*, No. 98-621C, 6/10/03 Order at 6-10; *Indiana Michigan Power Co. v. United States*, No. 98-486C, 6/27/03 Order at 24. In the Yankee cases, the Court denied the motion because there were contested material factual issues. *Yankee Atomic Electric Co. v. United States*, No. 98-126C, 6/26/03 Order at 4.

determine the acceptance rate applicable to the Standard Contract,[3] in one case the Judge accepted the utility's position that the acceptance rate should be 3,000 metric tons per year as a matter of law.[4]

*Second*, the Government's contention that a stay is necessary to avoid burdensome and duplicative discovery fares no better. As set forth above, Plaintiffs do not object to the Government's request for coordinated discovery regarding rate and schedule issues, provided, however, that discovery proceeds in an efficient manner. Therefore, it should not be necessary for the Government's witnesses to be deposed multiple times. In addition, Plaintiffs may agree to forego depositions of certain DOE and former DOE employees and contractors regarding those issues assuming the Government is willing to stipulate that Plaintiffs can use the deposition testimony of those witnesses that occurred in previous SNF cases in the same manner and to the same extent as deposition testimony in this case. There is no merit, therefore, to the Government's contention that a stay is necessary to avoid duplicative discovery.

**Plaintiffs Will Suffer Unnecessary Harm From The Stay Requested By The Government**

While the Government will not suffer hardship or inequity in being required to go forward, Plaintiffs will suffer unnecessary harm if the Court were to issue a stay in this matter. Granting the Government's requested stay would unnecessarily delay this litigation. By now, the Government is thoroughly familiar with its own position on the allegations in Plaintiffs' Complaint and, therefore, there is no reason why it cannot answer the Complaint at this time. Furthermore, Plaintiffs believe there are individual issues that will arise in this case irrespective of the outcome of the three cases set for trial. The nature of the damages being sought by each of

[3] *Commonwealth Edison,* 6/10/03 Order at 10-23; *Yankee Atomic*, 6/26/03 Order at 2-3.
[4] *Indiana Michigan*, 6/27/03 Order at 18-24.

the utilities in the SNF cases is as varied as the number of cases currently pending before the Court. Consequently, there are innumerable individualized factual determinations which will have to be made to evaluate Plaintiffs' damages in this case.

As mentioned above, Plaintiffs will participate in the pre-discovery conference scheduled for April 30, 2004 before Judge Sypolt to address the extent of discovery needed in all of the newly-filed SNF cases. As requested by this Court, Plaintiffs will also submit a report specifying their discovery plans and objectives.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the

Government's motion for a stay, and allow this case to proceed with a coordinated process for discovery.

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

COUNSEL FOR PLAINTIFFS

Of Counsel:

David A. Handzo
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

William D. Heinz
Donald R. Cassling
Lisa M. Eddington
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas G. Eppink
SCANA Services, Inc.
Legal Dept. MC-130
Columbia, SC 29218
(803) 217-9448

Stephen R. Pelcher
Santee Cooper
Post Office Box 2946101
Moncks Corner, SC 29461-2901
(843) 761-4016

Dated: April 14, 2004

**Certificate of Filing**

I hereby certify that on this 14th day of April 2004, a copy of the foregoing Response To Defendant's Motion To Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate And Schedule Issues, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch
Norman M. Hirsch