IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-101-C

(Filed: January 4, 2005)

SOUTH CAROLINA ELECTRIC & GAS CO.,

Plaintiff,

v.

UNITED STATES,

Defendant.

PROTECTIVE ORDER

Pending before the court is the parties' Joint Motion for Entry of Protective Order and E-mail Preservation Order, filed on December 28, 2004. In light of this motion and for good cause shown, the parties' motion is GRANTED IN PART.

The court hereby establishes the following protective order:

(1) The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material and all notes made therefrom and all references made thereto, of any kind whatsoever, shall constitute "Confidential Material."

(2) The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are "Confidential Material" within the meaning of this order.

(3) Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

(4) Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

(5) With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form mutually agreed upon by the parties stating that such person has read this order and agrees to be bound by it. Such declarations shall be maintained in the possession of the attorney securing the declaration until further order of this court.

(6) Subject to order of the court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the court containing Confidential Material shall be placed under seal and shall not be available to persons other than the court and authorized employees of the court, the attorneys of record for the parties to the spent nuclear fuel cases, and persons authorized by order of the court. In the event that any Confidential Material is used in any deposition or court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or court proceedings shall be submitted to the court for resolution.

(7) Nothing in the foregoing provisions of this order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material beyond the terms of this order.

(8) If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in

writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this order or returned to the producing party if the material is identified as privileged.

(9) Nothing in the foregoing provisions of this order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this order.

(10) Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this order.

(11) For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records that are relevant to this action, and that may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

It is so **ORDERED**.

s/Charles F. Lettow
Charles F. Lettow
Judge