IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTH CAROLINA ELECTRIC & GAS CO. and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.04-0101C (Judge Lettow) |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER LIMITING THE SCOPE OF TRIAL AND PRESERVING PLAINTIFFS' RIGHT TO BRING SUBSEQUENT ACTIONS FOR DAMAGES INCURRED AFTER DECEMBER 31, 2004

Defendant, the United States, respectfully submits this response to the "Motion for Entry of an Order Limiting the Scope of Trial and Preserving Plaintiffs' Right to Bring Subsequent Actions for Damages Incurred After December 31, 2004" that plaintiffs, South Carolina Electric and Gas and South Carolina Public Service Authority ("SCE&G"), filed with the Court on June 2, 2005. Plaintiffs' right to bring subsequent actions for damages as a result of the Government's alleged breach of the Standard Contract flow directly from plaintiffs' election to pursue damages for a partial breach of contract. Therefore, plaintiffs' motion merely requests that this Court recognize rights inherent to plaintiffs' plea. Additionally, plaintiffs' requested order overreaches this Court's prior opinions and orders on partial breach, as well as the applicable treatises and case law, and should be modified accordingly.

## ARGUMENT

### I. PLAINTIFFS ELECTED TO SEEK DAMAGES FOR A PARTIAL BREACH OF CONTRACT AND, PURSUANT TO WELL ESTABLISHED PRECEDENT, THE PORTION OF THEIR CLAIM NOT REMEDIED IN THE INSTANT ACTION SUBSISTS AS THE POSSIBLE BASIS FOR FUTURE ACTIONS[1]

Pursuant to well-established authority, SCE&G's right to bring future claims for damages caused by the Government's alleged breach of the Standard Contract proceeds from its election to plead a partial breach of contract. Complaint ¶ 33; Restatement (Second) of Judgments § 26(1)(e); Restatement (Second) of Contracts § 236(2), at 213 (1981); 9 A. Corbin, Corbin on Contracts § 946 at 719-20 (interim ed. 2002); Young Eng'rs, Inc. v. International Trade Comm'n, 721 F.2d 1305 (Fed. Cir. 1983); San Carlos Irrigation & Drainage District v. United States, 23 Cl. Ct. 276 (1991). Moreover, in its Complaint SCE&G insists that the Government "eventually meet its obligation to dispose" of SCE&G's spent nuclear fuel. Complaint ¶ 30. By relying upon

[1]Plaintiffs make several comments in their motion that the Government will address briefly. First, plaintiffs claim that the Government recently stated that it may begin performance under the Standard Contract as early as 2012 or as late as 2015. Pl. Mot. at 2 and 3. In the March 10, 2005, testimony of Mr. Theodore J. Garrish, Deputy Director, Office of Civilian Radioactive Waste Management, cited by plaintiffs, Mr. Garrish merely provided the House Subcommittee on Energy and Air Quality "illustrative" "Total Program" funding profiles assuming 2012 or 2015 start dates of repository operations. He did not address or attempt to represent to the Subcommittee a projected date for the start of repository operations. See March 10, 2005 Statement of Theodore J. Garrish before the Subcommittee on Energy and Air Quality, Commiette of Energy and Commerce, U.S. House of Representatives, http://energycommerce.house.gov/108/hearings/03102005hearing1450/Garrish.pdf at 3-4. Second, contrary to plaintiffs' assertion (Pl. Mot. at 2), the Nuclear Waste Policy Act ("NWPA") does not require that SCE&G, or any utility, enter into the Standard Contract. Third, the NWPA does not provide that the Government has the "sole" responsibility for the permanent disposal of spent nuclear fuel "(SNF)". Pl. Mot. at 2. In the NWPA, Congress expressed among its "findings" that "the Federal Government has the responsibility for the permanent disposal of high-level radioactive waste ("HLW") and such spent fuel as may be disposed of in order to protect the public health and safety and the environment," the cost of which should be the responsibility of the generators and owners of the HLW and SNF. 42 U.S.C. § 111(a)(4) & (5).

a partial breach of contract theory rather than a total breach theory, SCE&G avails itself of both the expectation of the Government's future performance under the Standard Contract and the ability to bring an action in the future for any subsequent damages caused by future alleged breaches. The Government does not oppose the entry of an order on future damages in the instant case provided the order is consistent with the Restatement (Second) of Judgments § 26(1)(e).

This Court's opinions and orders in four spent nuclear fuel cases resolved the issue of preservation of claims by adopting the exceptions to the rule of merger and bar in accordance with the Restatement (Second) of Judgments § 26(1)(b) and (e). See System Fuels, Inc. v. United States, No. 03-2623C, 2005 WL 950497, at *13-14 (Fed. Cl. Apr. 20, 2005); Entergy Nuclear Indian Point 2, LLC v. United States, 64 Fed. Cl. 515, 525-26 (2005); Entergy Nuclear Generation Co. V. United States, 64 Fed. Cl. 223, 345-46 (2005); Tennessee Valley Authority v. United States, 60 Fed. Cl. 665, 678 (2004). Notwithstanding this Court's observation in TVA that "there appears to be no meaningful difference in practical effect and application between Paragraphs 26(1)(b) and 26(1)(e)" of the Restatement (Second) of Judgments, TVA, 60 Fed. Cl. at 678 n. 15 (parentheticals omitted), we rely upon paragraph 26(1)(e) as the authority for requiring a limitation upon future damages where plaintiffs pleaded a partial breach. Specifically, although paragraph 26(1)(b) permits the Court to reserve future damages in certain circumstances, paragraph 26(1)(e) requires it in a partial breach case.

Paragraphs 26(1)(b) and (e) provide:

> When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a

> possible basis for a second action by the plaintiff against the defendant:
>
> * * *
>
> (b) *The court* in the first action has expressly reserved the plaintiff's right to maintain the second action; or
>
> * * *
>
> (e) For reasons of substantive policy in a case involving a continuing or recurrent wrong, *the plaintiff* is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of the suit, and chooses the latter course.

(Emphasis added).

Paragraph 26(1)(b) is predicated upon judicial power. Paragraph 26(1)(e) is predicated upon a plaintiff's election between partial or total breach. Comment b to <u>Restatement (Second) of Judgments</u> § 26 provides the rationale for paragraph 26(1)(b):

> It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action.

The drafters provide for the application of judicial power to protect plaintiff's rights when "special reasons" are present. However, when, as in the instant case, the "special reason" is clearly encompassed by another paragraph, <u>i.e.</u>, paragraph 26(1)(e), the more generic paragraph

26(1)(b) is unnecessary. See Restatement (Second) of Judgments § 26 Cmts. f and g ("A judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action . . . [A]lthough the breach is material, the plaintiff may elect to treat it as being merely a partial breach. If he so elects, he is entitled to maintain an action for damages sustained from breaches up to the time of the institution of the action, and the judgment does not preclude a further action by him for a breach occurring after that date."). Where plaintiffs' theory, as pleaded, determines their rights, judicial authority need not be invoked to reserve those rights, but, instead, may merely recognize the rights that the law affords plaintiffs and order the proceedings accordingly.

In addition, the structure of the Restatement (Second) of Judgments § 26(1) also suggests reliance on both subparagraphs (b) and (e) is unnecessary. Section 26(1) is written in the disjunctive "or," which generally means that the connected terms have different meanings because, otherwise, the provisions would be redundant. See e.g., 1A Norman J. Singer, Statutes and Statutory Construction § 21:14, at 190 (6th ed. 2002). The operative distinctions of paragraphs (b) and (e), judicial authority versus plaintiffs' rights as pleaded and a generic provision versus a specific provision, indicate that the drafters did not contemplate dual application of paragraphs (b) and (e).

We recognize that plaintiffs' pleadings in the instant case have caused confusion because they seek future damages while pleading partial breach. Plaintiffs requested that this Court enter an order stating that SCE&G has an "unqualified right" to bring subsequent actions and submits that, if the motion and requested relief are granted, they will then withdraw their claims for future

damages. Pl. Mot. at 1. Plaintiffs also state that they will limit their prayer for damages if SCE&G's right to bring damages is fully and expressly reserved. Pl. Mot. at 4. However, notwithstanding the opinions of Senior Judge Merrow in Yankee Atomic Elec. Co. v. United States, 2004 WL 1535688 (Fed. Cl. 2004), and Southern Nuclear Operating Company v. United States, No. 98-614C, slip op. (Fed. Cl. Dec. 20, 2004), the weight of authority, including TVA and Indiana Michigan v. United States, 60 Fed. Cl. 639 (Fed. Cl. 2004), *appeal pending,* No. 04-5112 (Fed. Cir.), limit damages in partial breach cases to those incurred at the time of filing the complaint or, in the alternative, by the date of trial while reserving the injured parties right to bring future actions for damages. Restatement (Second) of Judgments § 26 Cmt. g; see Arnone v. Chrysler Corp., 148 N.W.2d 902, 905 (Mich. Ct. App. 1967) (barring recovery of future damages for partial breach of divisible contract); Kaiser v. Northwest Shopping Ctr., Inc., 587 S.W.2d 454, 457 (Tex. Civ. Ct. 1979) (suggesting that plaintiffs seeking damages for partial breach may recover damages incurred through date of filing pleading); Coughlin v. Blair, 41 Cal. 2d 587, 598, 262 P.2d 305, 311 (1953) ("[i]f the breach is partial only, the injured party may recover damages for non-performance only to the time of trial and may not recover damages for anticipated future non-performance"); 28 Am. Jur. 2d: Damages § 488 ("[i]f the breach of an entire contract is only partial, the plaintiff can recover only such damages as he or she has sustained, leaving prospective damages to a later suit in the event of further breaches"). This was the standard when plaintiffs filed their claim and remains the standard today.

To the extent that plaintiffs rely on Yankee Atomic to support their argument that future damages are available in partial breach cases, Senior Judge Merrow's opinion merely allowed the plaintiff to present evidence and argument on future damages. Yankee Atomic, 2004 WL

1535688 at *3. However, Senior Judge Merrow's rationale that "[d]amages for future breach are distinguishable from future damages" and, therefore, recovery may be inadequate if limited to the date of filing the complaint or trial, is inconsistent with this Court's reasoning in TVA that "a claim does not accrue until the claimant has suffered damages." TVA, 60 Fed. Cl. at 678 (citing Alder Terrace, 161 F.3d 1372 at 1377 (Fed. Cir. 1998). It remains unclear what Senior Judge Merrow will ultimately decide on the future damages issue. This Court's conclusion in TVA that "[a]ny consideration of future damages in this case would require a high degree of speculation and uncertainty" is correct in the instant case and reflects the weight of legal authority and experience in partial breach of contracts claims. Additionally, plaintiffs have not demonstrated that future damages would be anything but uncertain and speculative. Id.

## II. PLAINTIFFS' PROPOSED ORDER DOES NOT ACCURATELY REFLECT THE PRIOR ORDERS AND OPINIONS OF THIS COURT

The Government objects to two paragraphs of plaintiffs' proposed order, but does not otherwise object to its form. The language of paragraph 2 of plaintiffs' proposed order exceeds both the exception granted by this Court in its prior orders and the text of the applicable treatises and case law. Paragraph 3 of plaintiffs' proposed order should be deleted because it is unwarranted and overly broad.

We concur with paragraph 2 of plaintiffs' proposed order to the extent that it reflects the permissive language of Section 26(1)(e) of the Restatement (Second) of Judgments. However, plaintiffs' assertion of an "unqualified right" exceeds the permissive nature of the authority upon which it relies upon. Section 26(1)(e) allows plaintiffs to plead partial breach and bring subsequent actions for future breaches. The words "unqualified right" are not found in its text, in

Section 946 of Professor Corbin's treatise on contracts, or the case law. Moreover, plaintiffs have not defined "unqualified right" or distinguished "unqualified right" from the standard expressed in the Restatement (Second) of Judgments. The authorities clearly provide that, in partial breach cases, the plaintiff may bring future actions for those portions of their claims not remedied in the first action. Plaintiffs appear to seek a broader standard than that without defining it or indicating the authority upon which they rely.

Paragraph 3 of plaintiffs' proposed order should be deleted entirely. Plaintiffs offer no explanation or basis for this language, and it has no parallels or bases in the treatises or this Court's prior opinions. Although its meaning and effect is unclear, its reach could unnecessarily implicate the finality of judgment doctrines such as collateral estoppel and issue preclusion. Plaintiffs' language is so broad that the preclusive effect of any of this Court's orders, opinions, or decisions in the instant action become uncertain. The doctrines of issue preclusion and claim preclusion are well established in Federal jurisprudence and do not need to be rewritten, circumvented, or altered to protect plaintiffs' rights in a partial breach case, as they pleaded it.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant plaintiffs' motion only to the extent supported by Restatement (Second) of Judgments § 26(1)(e).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Stephen Finn
STEPHEN FINN
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0466
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
Washington, D.C. 20585

June 20, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of June 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER LIMITING THE SCOPE OF TRIAL AND PRESERVING PLAINTIFFS' RIGHT TO BRING SUBSEQUENT ACTIONS FOR DAMAGES INCURRED AFTER DECEMBER 31, 2004" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Stephen Finn