IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-101-C

(Filed: June 29, 2005)

SOUTH CAROLINA ELECTRIC & GAS COMPANY and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY,

Plaintiffs,

v.

UNITED STATES,

Defendant.

ORDER

This case arises upon plaintiffs' claims that the Department of Energy ("DOE") has partially breached plaintiffs' "Standard Contract" with DOE for disposal of spent nuclear fuel. Pending before the court is Plaintiffs' Motion for Entry of an Order Limiting the Scope of Trial and Preserving Plaintiffs' Right to Bring Subsequent Actions for Damages Incurred After December 31, 2004. The parties are actively engaged in preparations for a trial scheduled to be held from January 23, 2006 through February 3, 2006. Plaintiffs move that the court issue an order limiting the scope of trial to damages incurred on or before December 31, 2004, and reserving plaintiffs' right to bring further actions based on damages incurred subsequent to that date. The government does not oppose entry of an order limiting the scope of trial consistent with *Restatement (Second) Judgments* § 26(1)(e), but it claims that such an order is unnecessary because a partial-breach claim inherently places a limitation on future damages, and it objects to some language in plaintiffs' proposed order.

The rules of merger and bar generally require the extinction of all rights of a plaintiff to remedies against a defendant with respect to the transaction involved after a valid and final judgment has been rendered. *Restatement (Second) Judgments* § 26(1)(b) explicates an exception to the rules of merger and bar when the court in the first action expressly reserves the plaintiff's right to maintain the second action. Section 26(1)(e) provides for a similar exception when, for reasons of substantive policy in a case involving a continuing wrong, the plaintiff is given an option to sue from time to time for the damages incurred to the date of the suit, and chooses such a course. This court has addressed these exceptions in other spent nuclear fuel

cases. *See System Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 176-77 (2005); *Entergy Nuclear Indian Point 2, LLC v. United States*, 64 Fed. Cl. 515, 525-26 (2005); *Entergy Nuclear Generation Co. v. United States*, 64 Fed. Cl. 336, 345-46 (2004); *Tennessee Valley Authority v. United States*, 60 Fed. Cl. 665, 676-78 (2004).

For good cause shown, plaintiffs' motion is GRANTED. The court hereby adopts and applies the exceptions to the rules of merger and bar set out in *Restatement (Second) Judgments* § 26(1)(b) and (e).[1] At trial, the scope of plaintiffs' claims for redress shall be limited to damages incurred by plaintiffs between the date of the breach and December 31, 2004. Plaintiffs shall retain claims for damages incurred on or after January 1, 2005.[2]

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

[1] Because plaintiffs explicitly seek to limit the recoverable damages in this action to those incurred on or before December 31, 2004, and to bring subsequent actions for later-incurred damages, it is unnecessary to address the government's argument that the filing of a partial-breach claim by its own terms requires such a limitation under *Restatement (Second) Judgments* § 26(1)(e).

[2] To satisfy the court's statute of limitations, plaintiffs must file future claims within six years of incurring the relevant damages. *See Tennessee Valley Authority*, 60 Fed. Cl. at 678.