IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-101-C

(Filed: June 29, 2005)

SOUTH CAROLINA ELECTRIC & GAS COMPANY and SOUTH CAROLINA PUBLIC SERVICE AUTHORITY,

Plaintiffs,

v.

UNITED STATES,

Defendant.

ORDER

Pending before the court in this spent nuclear fuel case is the parties' Joint Motion for an Order Regarding the Treatment of Depositions and Trial Testimony from Other Spent Nuclear Fuel Cases, filed on June 21, 2005. The parties request that the court issue an order providing, among other things, that deposition and trial testimony by current and former government employees in previous spent nuclear fuel cases shall be treated as previous deposition testimony in this case for the purposes of Rule 32(a) of the Rules of the Court of Federal Claims ("RCFC").

Implicit in the parties' proposed order is the notion that previous deposition and trial testimony would be admissible only or chiefly through RCFC 32(a). Any such implication is inconsistent with Fed. R. Evid. 801(d)(2)(D), which does not treat as hearsay any "statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," and offered against the party. Thus, prior deposition and trial testimony made by government employees likely would not be inadmissible as hearsay, pursuant to Fed. R. Evid. 801(d)(2)(D). *See Long Island Sav. Bank, FSB v. United States*, 63 Fed. Cl. 157, 162-65 (2004); *Globe Sav. Bank, FSB v. United States*, 61 Fed. Cl. 91, 94-96 (2004). A statement by a current officer or employee of plaintiffs may similarly be admissible under Fed. R. Evid. 801(d)(2)(D). Once a deposition statement is deemed within the scope of Fed. R. Evid. 801(d)(2)(D), it need not also satisfy the criteria set out in RCFC 32(a) or in Fed. R. Evid. 804(b)(1), to be admissible as evidence. *Globe*, 61 Fed. Cl. at 95-96.

Trial in this case is not scheduled to begin until January 23, 2006. At this juncture, the

court has not been advised of the nature and context of the deposition and trial testimony the parties will seek to admit, and whether such statements would satisfy the requirements of Fed. R. Evid. 801(d)(2)(D). Nonetheless, the stipulation should be unnecessary for evidentiary use of statements within the scope of Fed. R. Evid. 801(d)(2)(D) and of statements otherwise admissible under the rules.

The parties' joint motion is accordingly DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge